IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAYLA ARMENTA, as parent and next friend of H.A., a minor child,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 5 OF GARVIN COUNTY, a political subdivision of the State of Oklahoma also known as Paoli Public Schools; DAVID MORRIS; and CHASE PARKER,<br><br>　　　　　Defendants. | Case No. CIV-22-00659-JD |

## ORDER

Before the Court are Defendant Independent School District No. 5 of Garvin County's Motion to Dismiss [Doc. No. 4] and Defendant David Morris' Motion to Dismiss [Doc. No. 5] (collectively the "Motions"). The Motions seek dismissal of Plaintiff's amended petition [Doc. No. 1-2] for various reasons including failure to state plausible claims under Federal Rule of Civil Procedure 12(b)(6) (as interpreted by *Iqbal/Twombly*)[1], exemption from liability under Oklahoma law, failure to exhaust administrative remedies for certain claims, duplicative claims against the school district and David Morris, and qualified immunity as to Morris in his individual capacity.

The Court has inherent authority to manage its cases "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

(1962); *see also* Fed. R. Civ. P. 1. Even if the Court granted the Motions, at least some of the claims likely would be dismissed *without* prejudice, and Plaintiff would likely be permitted an opportunity to amend and "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). *See also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("[T]he *Twombly/Iqbal* standard 'is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'") (quoting *Robbins*, 519 F.3d at 1247).

Plaintiff's amended petition [Doc. No. 1-2] was filed in state court, and now that the action has been removed to federal court, the Federal Rules of Civil Procedure apply, which impose different pleading requirements than state court. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). The purpose of this Order is to resolve all disputes raised in the Motions without Court involvement, or if that is not possible, to streamline the issues so that any remaining disputes are as narrow as possible. *See* Fed. R. Civ. P. 1.

In these circumstances, the best use of the Court's and the parties' resources is to require counsel for the parties to confer in good faith regarding the alleged deficiencies in the complaint to resolve all or as many disputes as possible without involving the Court. *See also Judge Dishman's Chamber Procedures for Civil Cases*. Accordingly, and without expressing any views on the merits of the claims or the Motions:

- Counsel for the parties are ORDERED to confer in good faith regarding the claims in this lawsuit and all arguments asserted in the Motions, within **seven (7) days** of this Order, or by August 22, 2022.
    - o Plaintiff's counsel should reasonably, and considering obligations of Rule 11, determine ways in which the complaint can be amended to eliminate the alleged deficiencies asserted in the Motions, including by, for example, eliminating certain claims or defendants, or adding factual allegations to state plausible claims.
- Within **ten (10) days** of this Order, or by August 25, 2022, Plaintiff's counsel shall circulate a proposed second amended complaint to Defendants' counsel.
    - o Defendants' counsel should reasonably, and considering obligations of Rule 11, determine whether a motion to dismiss is still necessary after reviewing the proposed second amended complaint, and should propose further reasonable revisions in an effort to avoid unnecessary motion practice.
- Within **fourteen (14) days** of this Order, or by August 29, 2022, counsel for the parties shall confer again regarding the proposed second amended complaint in an attempt to resolve any remaining disputes without Court involvement.
- By **September 1, 2022**, as and if applicable, Plaintiff may file a second amended complaint consistent with Federal Rule of Civil Procedure 15(a)(1)(B) (allowing amendment once as a matter of course within 21 days after service of a motion under Rule 12(b)), or Rule 15(a)(2) (if Defendants' consent is obtained, or if

Defendants' consent cannot be obtained, Plaintiff may seek leave of Court to file a second amended complaint if Rule 15(a)(1)(B) does not apply). If Plaintiff chooses not to amend her complaint and intends to stand on her state-court amended petition without exercising amendments in federal court, she must respond to the Motions by September 1, 2022, and convey in her responses to the Court her intent to stand on her amended petition. The Court will construe an intent to stand on the removed amended petition as a representation to the Court that allowing further amendment on the challenged claims would be futile.

- By **September 1, 2022**, the parties shall file a joint status report in response to this Order updating the Court on the status of the issues addressed in this Order, including the date of the conferences, length of the conferences, participants of the conferences, identification of all issues that were resolved at the conferences, and identification of the issues that remain, if any. The Court expects the parties to work professionally and cooperatively to resolve all or virtually all of the issues described in the Motions, or to substantially narrow the issues in dispute for the Court to resolve at the pleadings stage.

- Defendants shall respond to any second amended complaint within **fourteen (14) days** of service of the second amended complaint. Fed. R. Civ. P. 15(a)(3). If Plaintiff elects instead to respond to the Motions, then Defendants will follow the Local Civil Rules for their remaining briefing schedule on their Motions. If Plaintiff elects to file a second amended complaint, the Court will deny the Motions as moot and without prejudice.

Failure by any party to comply with this Order in good faith may result in sanctions. *See* Fed. R. Civ. P. 11(c)(1) ("[T]he court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation.").

    IT IS SO ORDERED this 15th day of August 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE